## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZACH HILLESHEIM, | ) | CASE NO. 8:18-CV-282 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **BRIEF IN SUPPORT OF** |
| | ) | **DEFENDANT'S MOTION TO DISMISS** |
| THE NEBRASKA HUMANE SOCIETY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, the Nebraska Humane Society (hereinafter "the Humane Society"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1), submits this brief in support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

## INTRODUCTION

Plaintiff's Amended Complaint alleges that the Humane Society violated Title III of the Americans with Disabilities Act ("ADA") and its implementing regulations by failing to provide accessible parking stalls and access aisles.  Plaintiff also alleges that he was unable to access a grassy meadow area located on the Humane Society's property, which he erroneously refers to as a public "dog park."  Plaintiff alleges that he owns two cats and his girlfriend owns a service dog.  Without specifying why he desires to visit the Humane Society, he claims that he is deterred from accessing the Humane Society property in the future due to these alleged barriers.

Notably, it is not possible for Plaintiff to have sustained an injury in this case because prior to the filing of the initial suit, the Humane Society had **twelve (12)** parking spaces reserved for individuals with disabilities, all of which were clearly marked

with proper signage and which had accessible pathways to all public entrances. Moreover, Plaintiff has not alleged that he encountered any barriers related to training classes or that he actually sought to attend training classes for his girlfriend's dog, which, as a service dog, is presumably already well trained.  Further, the Humane Society does not have a dog park for general public use, and any access to the Humane Society's meadow would necessarily require the assistance of someone able to navigate through grass.  It is unclear how an order to ease the slope of the access ramp to the meadow would redress any alleged injury, since the meadow itself could not be navigated with a wheelchair.  Plaintiff has articulated no desire or need to visit the Humane Society's animal shelter in the main building or the Spay & Neuter Clinic. Thus, Plaintiff cannot establish an injury in fact or that a favorable judicial decision would redress any injury and, thus, cannot establish standing.

Additionally, even if Plaintiff could establish standing, his claims are moot.  As an initial matter, Plaintiff's allegations regarding the existence of parking barriers are legally and factually incorrect.  Plaintiff's allegations that the Humane Society does not have the requisite number of parking spaces is a blatant misrepresentation to the Court. Plaintiff also asserts claims regarding parking space access aisles without recognizing that alternate routes to Humane Society facilities existed from each parking space about which Plaintiff complains.  Additionally, since the filing of the lawsuit, the Humane Society has voluntarily created even more routes of access to these parking spaces, thus, rendering moot any potential claim that barriers to access exist.

**APPLICABLE LAW**

The ADA grants a private right of action to "any person who is being subjected to discrimination on the basis of disability." *See* 42 U.S.C. § 12188(a). Title III of the ADA prohibits discrimination on the basis of disability in a place of "public accommodation." *See* 42 U.S.C. § 12182(a). "Discrimination" includes "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *See* 42 U.S.C. § 12182(b)(2)(A)(iv). A private party alleging a violation of Title III of the ADA is entitled solely to injunctive relief. 42 U.S.C. § 12188(a); *Stebbins v. Legal Aid of Arkansas*, 512 F. App'x 662, 663 (8th Cir. 2013) ("Title III of the ADA does not provide for private actions seeking damages…[U]nless enforced by the Attorney General, [and] only remedy for violation of Title III of ADA is injunctive relief").

Whether a party has standing to pursue litigation is a question of subject matter jurisdiction. *See Doe v. Nixon*, 716 F.3d 1041, 1047 (8th Cir. 2013). Federal courts have no subject matter jurisdiction over cases in which the plaintiff lacks standing to bring the complaint. *Harrington v. Seward Cnty.*, No. 4:15-CV-3068, 2017 U.S. Dist. 41328 (D. Neb. Mar. 22, 2017) (citing *Warth v. Seldin*, 422 U.S. 490 (1975)). Standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Brown v. Grandmother's, Inc.*, No. 4:09-CV-3088, 2010 U.S. Dist. LEXIS 13625 at *15 (D. Neb. Feb. 16, 2010) (*quoting Warth*, 422 U.S. at 498) (dismissing plaintiff's ADA claims under Title III for lack of standing where plaintiff could not establish the likelihood of future injury).

Mootness is also a question of subject matter jurisdiction. *Doe*, 716 F.3d at 1047. Article III of the United States Constitution grants the Judicial Branch authority to

3

adjudicate cases and controversies.  *Davis v. Anthony, Inc.*, No. 16-4051, 2018 U.S. App. LEXIS 7898 at *2 (8th Cir. Mar. 29, 2018) (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721 (2013)).  A case becomes moot and, therefore, no longer a case or controversy for purposes of Article III, when the "issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Id*. When it becomes clear that a federal court can no longer grant effective relief, the case is moot.  *Stewart v. Popeye's Chicken*, No. 8:16-CV-484, 2017 U.S. Dist. LEXIS 5352 (D. Neb. Jan. 13, 2017) (dismissing Title III ADA claims for both mootness and standing where defendant voluntarily remedied parking lot violations).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial" attack and a "factual attack" on jurisdiction.  *Davis*, No. 16-4051, 2018 U.S. App. LEXIS 7898 at *8 (*citing Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). A factual attack occurs "when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction" and the court may consider matters outside of the pleadings. *Id*. (*citing Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009)). Accordingly, "[t]rial courts have wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[1]  *Id*. at *4 (*citing Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008)); *See Stewart*, 2017 U.S. Dist. LEXIS 5352 (D. Neb. Jan. 13, 2017) (where the court weighed evidence submitted in support of a factual challenge to subject matter

---

[1] This Court is able to weigh evidence at this stage without converting this into a motion for summary judgment.  *See Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) ("A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.")

jurisdiction in granting defendant's motion to dismiss).  As such, a court may consider matters outside the pleadings and should not presume that a plaintiff's factual allegations are true.  *Osborn,* 918 F.2d at 729 n.6; *see Disability Support Alliance v. Heartwood Enters., LLC.*, 885 F.3d 543, 547 (8th Cir. 2018) (noting that "the Rule 12(b)(1) procedure enables the court to resolve a threshold jurisdictional issue without the need for trial….")

## ARGUMENT

Plaintiff's Amended Complaint should be dismissed because Plaintiff lacks standing to pursue the alleged claims against the Humane Society.  He has not articulated a plausible injury and has asserted no particularized reason to visit the Humane Society in the future.  Additionally, to the extent that Plaintiff could possibly argue that any barriers to access existed (which they did not), the Humane Society has, since the filing of the initial Complaint in this matter, further voluntarily improved its parking facility to render any possible claims moot. (*See* Dec. of Maddux).  There truly is no possible injunctive relief that could remedy an alleged injury in this case.  Accordingly, this Court does not have subject matter jurisdiction to hear Plaintiff's case.

## I.    Plaintiff Lacks Standing to Bring this Action Pursuant to Article III, Section 2 of the United States Constitution.

Article III, Section 2 of the United States Constitution's limitation of federal jurisdiction to actual cases and controversies requires a plaintiff to have standing to sue. *Stewart*, No. 8:16-CV-484, 2017 U.S. Dist. LEXIS 5352 at *9.  "[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016) (citing *Raines v. Byrd*, 117 S. Ct.

2312 (1997)).  This is "especially true" in ADA cases, given the "trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purposes for which the ADA was enacted."  *Vogel v. Sym Props., LLC*, 2017 U.S. Dist. LEXIS 214360 at *4 (C.D. Cal. Aug. 4, 2017) (citing *Harris v. Stonecrest Care Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007)).

A plaintiff must prove the following three elements to establish standing: (1) the plaintiff suffered an injury in fact; (2) the injury in fact is fairly traceable to the challenged conduct of the defendant; and (3) the injury in fact is likely to be redressed by a favorable judicial decision.  *Robins*, 136 S. Ct. at 1547.  It is incumbent upon the Plaintiff to prove these fundamental elements of standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130 (1992). In fact, because the elements of standing are "indispensable", they "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."  *Id*. at 561. Here, Plaintiff cannot establish an injury in fact, nor can he meet his burden of showing that any alleged injury could be redressed by a favorable judicial decision in this litigation.

### A.    Plaintiff Cannot Establish an Injury in Fact.

The injury in fact element is the "first and foremost" of standing's three elements. *Robins*, 136 S. Ct. at 1547.  To establish an injury in fact, a plaintiff must show that he or she has suffered an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. at 1548. In addition to this, a plaintiff must also show that there is a likelihood of future injury.  *Brown v. Grand Island Mall*

*Holdings, Ltd.*, No. 4:09-CV-3086, 2010 U.S. Dist. LEXIS 10695 (D. Neb. Feb. 8, 2010). Indeed, alleged past injury, without a threat of future harm, is insufficient to show a present case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 103 S.Ct. 1660 (1983).

Plaintiff asserts that he is interested in patronizing the Humane Society's "dog park" and training/agility classes and plans to visit the Humane Society's premises at some unspecified time in the future. (*See* Amended Complaint, Doc. 11, ¶¶17, 31, 33, 60). Significantly, Plaintiff admits in his Complaint that he does **not** own a dog. (*Id*., ¶14).[2] Without a dog, Plaintiff does not have a purpose for attending Humane Society's training classes, which focus solely on providing instructions to train dogs. (Dec. of Maddux, ¶11). Moreover, Plaintiff identifies his girlfriend's dog as a service animal, which presumably is already well trained in advance of the training classes the Humane Society offers. (*See* Amended Complaint, Doc. 11, ¶ 14). The Humane Society does not offer "agility sessions" as alleged in Plaintiff's Amended Complaint. (*See* Amended Complaint, Doc. 11, ¶ 17; Dec. of Maddux, ¶ 11.)

Further, contrary to Plaintiff's allegations, the Humane Society does not have a "dog park" on its campus that is open for general public use. (Dec. of Maddux, ¶10). A fenced-in, grassy meadow area located east of the Humane Society's facilities is used by the Humane Society's employees and volunteers for exercising animals and is also rented by private groups. *Id.* All organized groups must obtain advanced permission from the Humane Society to use the meadow. *Id.* Again, the meadow is **not** open for

---

[2] Plaintiff asserts that his *girlfriend* has a service dog; however, such an assertion cannot be used to manufacture standing for himself. (*See* Amended Complaint, Doc. 11, ¶13). See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992) ("to be particularized…the injury must affect the plaintiff in a personal and **individual** way) (emphasis added).

general public use, and the Plaintiff himself admits that a gate to this area was locked on the date of his visit.  (*Id.*; Amended Complaint, Doc. 11, ¶ 28).  Thus, even if he had a dog, Plaintiff would not have been permitted to access the meadow area at his own discretion.

Further, the meadow is a grassy area that would be impossible to navigate in a wheelchair.  Any entry to the meadow would necessarily require the assistance of someone able to walk the grass to maintain physical control over any dog permitted on the meadow. (Dec. of Maddux, ¶10).  This meadow is also located next to the Center for Humane Services building, which is likewise not open to the public.  *Id*.  This building houses the City's Animal Control Officers and is where animal cremations occur.  *Id*.

The Humane Society's foremost function is as an animal shelter, and Plaintiff articulated no injury related to or plausible reason or desire to visit other areas of the property, including the shelter, the Humane Society's Spay & Neuter Clinic, or the training facility.[3]  Plaintiff's lack of a real and immediate reason to visit the Humane Society's campus prevents him from establishing standing.  *See Brown v. Grand Island Mall Holdings, Ltd.*, No. 4:09-CV-3086, 2010 U.S. Dist. LEXIS 10695 (D. Neb. Feb. 8, 2010) (finding plaintiff lacked standing for failure to establish the likelihood of future

---

[3] Plaintiff alleges that the parking spaces at the training facility were sloped and that there was a Humane Society vehicle parked in one of the access aisles.  (*See* Amended Complaint, Doc. 11, ¶¶ 22, 23.) However, for the sake of argument, even if the slope of those two parking spaces closest to the training facility were too steep to be compliant with the ADA Standards for Accessible Design, there are six other accessible parking spaces in front of the main building from which a smooth and flat sidewalk runs to the training facility. (Dec. of Maddux, ¶ 11).  Additionally, the law allows for a temporary barrier to access, such as a vehicle being parked improperly.  *See, e.g., Tanner v. Wal-Mart Stores, Inc., Civ. No. 99-44-JD*, 2000 U.S. Dist. LEXIS 1444 (D. N.H. 2000) (failure to remove shopping carts from accessible area is not a Title III violation); *Pack v. Arkansas Valley Correctional Facility*, 894 P.2d 34, 38 (Colo. Ct. App. 1995) (an isolated incident of failure to remove ice and snow from accessible parking area is not an ADA violation).  Although not relevant for the purposes of this Motion, in order to change the slope of those parking spaces, the entire parking lot would need to be regraded, which is clearly not a readily achievable task.

injury, as required, and noting that a plaintiff cannot manufacture standing to sue in federal court by "simply claiming that she intends to return" to the facility); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (a future injury cannot be established with "someday intentions without…any specification of when the 'some day' will be.")

Recently, a federal court in Florida dismissed a plaintiff's Title III ADA lawsuit for lack of standing where the plaintiff did not meet the burden of showing a "plausible threat" that he would face future discrimination by the defendant. *Longhini v. Infinite 9035, LLC*, 2018 U.S. Dist. LEXIS 97249 at *5-6 (M.D. Fla. June 11, 2018). In *Longhini*, the plaintiff visited the defendant property, a hotel, on one occasion prior to filing suit and a second time while the suit was pending. *Id*. Significantly, the court dismissed the lawsuit for lack of standing, and did not even address whether plaintiff's claims were moot, because the court determined that "**a general allegation of intent to return to the business in the future when it is [made] ADA compliant is insufficient absent concrete plans to return**." *Id*. at *2. (emphasis added). The *Longhini* court relied on recent cases from the 11th Circuit Court of Appeals that similarly dismissed Title III lawsuits for lack of standing, holding that a generalized intent to return in the future did not confer standing to seek injunctive relief under the ADA. *See Kennedy v. Beachside Commercial Properties*, 2018 U.S. App. LEXIS 11548 (11th Cir. May 1, 2018); *Kennedy v. Solano Enterprises, Inc.*, 2018 U.S. App. LEXIS 14379 (11th Cir. May 29, 2018).

These cases, among many others in various jurisdictions, (including the Eighth Circuit Court of Appeals - see *Davis v. Anthony, Inc.*, No. 16-4051, 2018 U.S. App. LEXIS 7898 (8th Cir. Mar. 29, 2018)), support Defendant's argument that this lawsuit

against the Humane Society should be dismissed for lack of standing. [4]  *See Deutsch v. Travis Cty. Shoe Hosp., Inc.*, 2018 U.S. App. LEXIS 2647 (5th Cir. Feb 2, 2018) (affirming the grant of defendant's motion to dismiss pursuant to 12(b)(1) because Plaintiff lacked standing due to no concrete plans to patronize the property in the future); *Feltzin v. Stone Equities, LLC*, 2018 U.S. Dist. LEXIS 22870 (E.D.N.Y. Feb. 8, 2018) (dismissing complaint for lack of standing where plaintiff failed to establish a concrete and particularized injury and failed to establish a reasonable inference plaintiff would return to the property)[5]; *Vogel v. Sym Props., LLC*, 2017 U.S. Dist. LEXIS 214360 (C.D. Cal. Aug. 4, 2017) (dismissing Title III ADA lawsuit for lack of standing where plaintiff's intent to return was not genuine)[6]; *Advocates for Individuals with Disabilities Found., Inc. v. Circle K Props., Inc.*, 2017 U.S. Dist. LEXIS 130689 (D. Ariz. Mar. 20, 2017) (dismissing ADA claim for lack of standing and remanding to state court).

Similarly, Plaintiff in this case lacks standing because, not only does Plaintiff not own a dog, and has never licensed any pets with the Humane Society, (Dec. of Maddux, ¶ 12), he has only asserted a general intent to return when the Humane Society has been made "fully accessible" to persons who use wheelchairs for mobility.

---

[4] Note that a recent order from Judge Smith Camp, denying a defendant's motion to dismiss (in a Title III ADA case involving the same plaintiff, Mr. Hillesheim), deviated from this precedent, relying on one case from the District of Minnesota.  *See Hillesheim et al. v. Kaneko*, No. 8:18-cv-139 (D. Neb. Aug. 13, 2018). Defendant believes this is contrary to binding precedent from the District of Nebraska, (*Brown v. Grandmother's, Inc.*, No. 4:09-CV-3088, 2010 U.S. Dist. LEXIS 13625 (D. Neb. Feb. 16, 2010)), the Eighth Circuit Court of Appeals, (*Davis v. Anthony, Inc.*, No. 16-4051, 2018 U.S. App. LEXIS 7898 (8th Cir. 2018)), and other jurisdictions, and asks this Court to refrain from following this decision.

[5] In fact, this court completely rejected the contention that an intent to return to a property "when the barriers to access are corrected" is not enough to establish standing.  *Feltzin*, 2018 U.S. Dist. LEXIS 22870 at *32-33.

[6] "Plaintiff is not currently deterred from visiting the Shopping Center, nor does he demonstrate a genuine intent to return, such that he can establish standing. Plaintiff's blanket statements unanchored to credible evidence are a recipe for deception, not justice. Accordingly, the Court finds Plaintiff lacks standing to sue under the ADA." *Vogel*, 2017 U.S. Dist. LEXIS 214360 at 23.

(*See* Amended Complaint, Doc. 11, ¶ 32). This is completely insufficient to establish an actual or imminent injury for purposes of standing.

Additionally, Plaintiff alleges he is "deterred from visiting the Nebraska Humane Society in the future" due to architectural barriers. (*See* Amended Complaint, Doc. 11, ¶ 32). Plaintiff's claim that he is deterred from doing so is insufficient to establish standing. The "deterrent effect doctrine"[7], which states that a plaintiff suffers a cognizable injury for standing purposes if he or she is deterred from visiting a non-compliant public accommodation where the plaintiff has encountered barriers, is not recognized by the Eighth Circuit Court of Appeals. *Davis*, No. 16-4051, 2018 U.S. App. LEXIS 7898 at *7. In fact, the Eight Circuit Court of Appeals explicitly declined to recognize this doctrine. *Id.* (rejecting plaintiff's theory that she suffered a cognizable injury for standing where a barrier encountered solely in the parking space allegedly deterred her from returning).

Again, for purposes of standing, it is essential that a plaintiff show that there is a likelihood of future injury. *Brown*, No. 4:09-cv-3088, 2010 U.S. Dist. LEXIS 13625 at *8 ("[an] ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that he intends to return to the facility"). General allegations regarding a return to the property without allegations of a definite time or a concrete plan to do so are insufficient to create standing. *See Solano*, 2018 U.S. App. LEXIS 14379 at *5; *Travis Cty. Shoe Hosp., Inc.*, 2018 U.S. App. LEXIS 2647. Clearly, based on the fact that (1) Mr. Hillesheim does not own a dog; (2) has never licensed any animals with the

---

[7] The Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563-64 (1992) held that when a plaintiff seeks injunctive relief, as in this case, the plaintiff must establish that his injury is imminent by demonstrating either that he intended to return to the property or that he was deterred from returning due to existing barriers.

Nebraska Humane Society; (3) the area he was attempting to access as alleged in the Amended Complaint is not open for general public use; and (4) he has merely asserted a generalized intent to visit the Humane Society in the future, Plaintiff's alleged injury is certainly not "actual or imminent" and this lawsuit should be dismissed for lack of standing for failure to establish an injury in fact.

**B.    No Injury In Fact Could Be Redressed By a Favorable Judicial Decision.**

Even if Plaintiff could establish an injury in fact (which he cannot), the Humane Society's compliance with the ADA and its implementing regulations prior to the initiation of this suit prevents Plaintiff from establishing the third element of standing--that any alleged injury in fact could be redressed by a favorable judicial decision.  The Humane Society's campus consists of four buildings and has contiguous parking areas adjacent to each building that are not divided by any city streets.  (Dec. of Maddux., ¶5).  Since May of 2015, the Humane Society has had twelve (12) marked accessible parking spaces reserved for individuals with disabilities.  (Dec. of Maddux, ¶7).  There were even more accessible spaces prior to May of 2015.  (Dec. of Maddux, ¶6).

The accessible parking spaces are disbursed throughout the parking facility so that accessible parking is provided near the entrance to all buildings open to the public, as well as buildings only accessed by employees.  (Dec. of Maddux, ¶7 ).  All twelve (12) accessible parking spaces are at least 96 inches in width.  (Dec. of Maddux, ¶9). All twelve (12) accessible parking spaces currently have adjacent access aisles of at least 96 inches in width (for van spaces) or 60 inches (for car spaces). *Id*.  Even if the slope of two parking spaces near the training facility is too steep to be compliant with the Standards for Accessible Design, there exist another ten (10) parking spaces that

12

are compliant, meeting the requisite number of spaces required for the size of the Humane Society's parking lot.  Thus, there exist no parking barriers to access at the Humane Society.  A favorable judicial decision could not redress any problems because no problems currently exist.  *Stewart*, No. 8:16CV484, 2017 U.S. Dist. LEXIS 5352.[8]

Further, even if there were areas of non-compliance with the ADA on the Humane Society's property in February of 2018, any issues were addressed voluntarily by the Humane Society swiftly and effectively, in areas not even encountered by the Plaintiff (relating to the spaces that serve the main building and the Spay and Neuter Clinic).  (Dec. of Maddux, ¶ 8, 9).  These actions even further eliminate the need for injunctive relief.  *See Davis*, 8:16-CV-00140, 2016 U.S. Dist. LEXIS 182053 at *6 (D. Neb. Sept. 26, 2016) (citing *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1022 (7th Cir. 2016) (finding that the plaintiff's need for injunctive relief was eliminated by the defendant's voluntary compliance with the ADA)); *Stewart*, 2017 U.S. Dist. LEXIS 5352 at *9 (D. Neb. Jan. 13, 2017) (finding request for relief would not be redressed by a favorable decision from the court where defendant remedied the alleged ADA violations); *Hillesheim v. Buzz Salons, LLC*, 2017 U.S. Dist. LEXIS 117266 at *26 (D. Minn. June 19, 2017) (dismissing plaintiff's claim where violations were voluntarily remedied and noting plaintiff "no longer has anything to gain from a favorable resolution of his ADA claim"); *Davis v. Queen Nelly, L.L.C.*, 2016 U.S. Dist. LEXIS 139750 at *4 (D. Minn. October 6, 2016) (dismissing plaintiff's Title III ADA claims for lack of standing

---

[8] In Plaintiff's original Complaint, he incorrectly counted the number of accessible parking spaces reserved for individuals with disabilities.  Although Plaintiff has since revised the number in his Amended Complaint, it is unclear why Plaintiff continues to maintain that there is an insufficient number of accessible spaces at the Humane Society.

because the court could not grant injunctive relief where the alleged violations had been remedied by defendant).

Additionally, even if the Humane Society's meadow area was open for general public access, Plaintiff has not articulated how this Court could redress any alleged injury related to that particular space.  Even if the Court were to order the Humane Society to pour a new, more level concrete ramp to access the meadow (which would not be readily achievable[9]), the Plaintiff could not safely navigate the grassy meadow in his wheelchair after using the ramp.  Thus, it is unclear what remedy the Plaintiff is requesting in regard to the access ramp to the meadow.  In any event, Plaintiff cannot establish the redressability requirement for standing.

II.    **Although the Humane Society was Fully Compliant with the Requirements of the ADA, any Perceived Barriers to Access Have Been Voluntarily Improved, Rendering any Potential Claims Moot.**

Upon receipt of Plaintiff's initial Complaint, the Humane Society underwent a voluntary review of its accessible parking spaces and entrances to the buildings on Humane Society's campus to determine whether any actual barriers to access existed, and it confirmed that there were no such barriers.

In Plaintiff's Amended Complaint, he alleges one perceived barrier to access in which a ramp extended into an access aisle. (Amended Complaint, Doc. 11, ¶¶ 24, 41(f)).  However, an alternate accessible route, which complied with the ADA Standards for Accessible Design, allowed for access to the nearest building.  (Maddux Dec., ¶8). Nevertheless, the Humane Society addressed this issue by altering the orientation of

---

[9] The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." *See* 42 U.S.C. § 12181(9); *Disability Support Alliance v. Heartwood Enters., LLC.*, 885 F.3d 543, 545 (8th Cir. 2018) (affirming dismissal of case where plaintiff could not refute evidence that removal of alleged barriers to access were not readily achievable).

the access aisle, eliminating any interference from the ramp, and creating now <u>two</u> routes from that parking space. (*Id.*; Exhibit E-1).  (Most important is the fact that this parking space and access aisle at issue was located in front of the Spay & Neuter Clinic, and Plaintiff did not allege any attempt or need to visit the Spay & Neuter Clinic).

Plaintiff also alleges that a barrier existed because four of the accessible parking spaces in front of the main entrance to the shelter did not have access aisles painted next to them.  (Amended Complaint, Doc. 11, ¶¶ 21, 41(b)).  This, too, was not an actual barrier to access, because these parking spaces are positioned at the end of a row of parking spaces, and there exists flat ground next to each space for a person to exit his or her vehicle.  (Dec. of Maddux., Exhibit B1 - B4). Regardless of the fact that no actual barrier existed in these locations, the Humane Society has since painted additional aisles next to these parking spaces, to now allow for a disabled individual even more room to exit his or her vehicle on either side of the parking space.  (*Id*.)  Again, it is important to note that these spaces are in front of the animal shelter in the main building, and Plaintiff did not allege that he encountered any barriers entering the main building.

In *Davis v. Anthony, Inc.*, the Eighth Circuit Court of Appeals affirmed a Nebraska District Court dismissal for mootness and lack of standing relating to a nearly identical ADA lawsuit brought by the Plaintiff Hillesheim's girlfriend, Ms. Melanie Davis, which was aimed at the accessible parking stalls available at a restaurant in Omaha, Nebraska. 2018 U.S. App. LEXIS 7898 at *1-2.  Just as the Defendant has done in this case, the steakhouse similarly addressed the allegations as set forth in Davis's complaint, which rendered the lawsuit moot - requiring dismissal.  *Id*. at *4.  In further

affirming dismissal of the case without discovery, the Eighth Circuit would not allow Davis to expand her claims as to un-encountered violations that never injured her. *Id*. at *6. Additionally, because defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), Davis was not afforded any Rule 12(b)(6) protections nor discovery under Rule 56(d). *Id*. at *7-9. Again, the Eighth Circuit affirmed the dismissal of the complaint without discovery on the same basis of mootness and standing.

Accordingly, even though this court may dismiss on the basis of lack of standing alone (as discussed at length above), the Humane Society's voluntary actions to provide additional routes of access to the parking stalls in its parking space have rendered Plaintiff's allegations moot, requiring dismissal of this suit for lack of subject matter jurisdiction. *Stewart*, No. 8:16CV484, 2017 U.S. Dist. LEXIS 5352 (noting that where "circumstances change over the course of litigation so that the issues in the case lose their life and a federal court can no longer grant effective relief, the case is moot.")

III.   **The Court Should Deny Plaintiff's Request for Relief, including Attorneys' Fees, Costs, and Expenses, because Plaintiff is not a "Prevailing Party."**

As discussed above, injunctive relief is the sole remedy a plaintiff may seek under Title III of the ADA. 42 U.S.C. § 12188(a); *Stebbins*, 512 F. App'x 662. Here, no injunctive relief is warranted. Plaintiff did not suffer any injury in fact. Even if this Court determines that Plaintiff did suffer a cognizable injury, Plaintiff cannot establish the need for redressability. The Humane Society was in full compliance with Title III of the ADA prior to the commencement of this lawsuit and went above and beyond the requirements of the law, taking voluntary action to improve accessibility. There is no improper or unlawful conduct to enjoin. Thus, the Court should deny Plaintiff's request for such relief.

Further, the Court should deny any claimed award of costs, expenses, or attorney's fees in this case.  42 U.S.C. § 12205 allows a "prevailing party" to recover attorney's fees, costs, and expenses associated with litigation seeking the remedy of a violation of Title III of the ADA. In this case, Plaintiff cannot be the prevailing party under 42 U.S.C. § 12205.  The law is clear in the Eighth Circuit that "a legal change, rather than a voluntary change, in the relationship of the parties, is required [to support a fee award under 42 U.S.C. § 12205.]"  *Christina A. v. Bloomberg*, 315 F.3d 990, 992 (8th Cir. 2003) (relying on *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)) (holding that a defendant's voluntary change in conduct lacks the necessary judicial *imprimatur* on the change in the parties' legal relationship to qualify the plaintiff as a prevailing party to support an award of fees under 42 U.S.C. § 12205).  Many courts have declined to order attorney's fees in ADA lawsuits where a defendant has voluntarily addressed and remedied the alleged barrier to access. *See Stewart*, No. 8:16-CV-484, 2017 U.S. Dist. LEXIS 5352 (D. Neb. Jan. 13, 2017); *Davis*, No. 8:16-CV-00140, 2016 U.S. Dist. LEXIS 182053 (D. Neb. Sept. 26, 2016); *Davis v. Peters Services, Inc.*, No. 1:16-CV-00020 (S.D. Iowa Mar. 10, 2017).

In declining to award any attorney's fees in an ADA lawsuit involving Hillesheim's girlfriend, Melanie Davis, Chief Judge Jarvey in the Southern District of Iowa stated that the "single reward a plaintiff can expect from this type of action is the swift and effective remediation of the ADA violation" and that the statute (referring to 42 U.S.C. § 12205) "presumes that the plaintiff's reward is the free and independent use of the place of public accommodation at issue - not monetary gain."  *Id*.  In fact, Judge Jarvey

17

acknowledged that "nationwide, courts have expressed concern [over] the increasingly unsavory use of the attorney's fees provision of Title III of the ADA." *Id*. (citing *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F.Supp.2d 1272, 1284-84 (M.D. Fla. 2005)). Judge Jarvey also stated: "Given the simplicity of the action, Davis' own experience as a Title III plaintiff, and Defendant's prompt remedial action, calling Davis a 'prevailing plaintiff' stretches the meaning of the phrase." *Id*.

Plaintiff has not suffered an injury in fact, has not established any concrete reason to return to the Humane Society's campus, and has not articulated any way in which a favorable determination would remedy an alleged injury. As such, Plaintiff cannot be considered a prevailing party and his request for attorney's fees must be denied.

## CONCLUSION

It is clear that the Plaintiff had no actual reason to attempt to patronize the Humane Society and that this case was filed without any actual or imminent injury occurring. The Humane Society is a non-profit organization whose main purpose is to function as an animal shelter and provide animal control services for Omaha. (Dec. of Maddux, ¶ 3). Plaintiff admittedly does not own a dog and would have no reason to visit the dog training facility. The Humane Society does not have a dog park open for general public use, and Plaintiff has not articulated how he is injured or how this Court could redress the fact that he could not access a grassy meadow that could not be navigated with a wheelchair. Even if Plaintiff had a dog, being "deterred" from visiting a location is insufficient to establish standing in the Eighth Circuit and Plaintiff has not established that there is a genuine threat of future harm. Plaintiff has not articulated

18

any desire or need to visit the animal shelter or the Spay & Neuter Clinic.  As such, there could be no injury in fact here, and no favorable determination of this Court could redress any injury.

The Humane Society was in full compliance with the ADA and its implementing regulations, and there existed no barriers to access prior to the initiation of this suit. Despite such facts, the Humane Society took additional measures to establish alternate accessible routes to its parking spaces designated for disabled individuals, thereby rendering any possible claim moot.  Thus, there are no legal deficiencies to redress, and the Court lacks subject matter jurisdiction to hear this case.

Accordingly, Humane Society respectfully requests that this Court grant the Humane Society's Motion to Dismiss for lack of subject matter jurisdiction and enter an order dismissing the Complaint with prejudice and denying Plaintiff his requested relief, specifically including attorney's fees, expenses, and costs.

DATED this 20th day of August, 2018.

THE NEBRASKA HUMANE SOCIETY,
Defendant,


By:     /s/ Kathryn A. Dittrick
        Kathryn A. Dittrick, #23513
        Katherine A. McNamara, #25142
        FRASER STRYKER PC LLO
        500 Energy Plaza
        409 South 17th Street
        Omaha, NE  68102-2663
        Telephone: (402) 341-6000
        Facsimile: (402) 341-8290
        kdittrick@fraserstryker.com
        kmcnamara@fraserstryker.com
        ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 20th day of August, 2018, a copy of the above and foregoing was filed with the Clerk of the Court using the CM/ECF system which sends notification of such filing to the following:

Padraigin L. Browne
Browne Law LLC
8530 Eagle Point Blvd., Suite 100
Lake Elmo, MN 55042

/s/ Kathryn A. Dittrick

1930053 v8